```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAILIAN OVERSEAS CONSULTING GROUP, LTD,

         Plaintiff,

-against-

NEW YORK CITY REGIONAL CENTER LLC,

         Defendant.

Case No. 1:17-cv-09004 (LLS)

## [PROPOSED] STIPULATION AND PROTECTIVE ORDER

  WHEREAS, it has been agreed by plaintiff Wailian Overseas Consulting Group, Ltd. and defendant New York City Regional Center LLC (together the "parties" and each a "party") in the above-captioned proceeding ("Proceeding"), through their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York;

  IT IS STIPULATED AND AGREED THAT:

  1. This Protective Order shall govern all documents (including, but not limited to, electronically stored information), the information contained therein, and all other information produced or disclosed during this Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise ("Discovery Material"). For the purposes of this Protective Order, a Supplying Party shall mean any person who produces Discovery Material in the Proceeding, subject to the provisions of this Protective Order. A Receiving Party shall mean any person who receives Discovery Material in the Proceeding, subject to the provisions of this Protective Order. This Protective Order is binding upon the undersigned parties, including their respective corporate parents, subsidiaries, and affiliates and

their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Protective Order.

2. Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

3. Any party shall, through counsel, have the right to identify and designate as "CONFIDENTIAL" any document or information it produces or provides or any testimony given in the Proceeding that the party believes in good faith constitutes, reflects, or discloses its confidential information and/or confidential proprietary information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), subject to the provisions of this Protective Order. Designating Party shall mean any party or subpoenaed third party designating Discovery Material as confidential.

4. "Confidential Information" as used herein means any Discovery Material that is designated pursuant to this Protective Order and in accordance with Paragraph 3 thereof as "CONFIDENTIAL" by a Designating Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed.

5. Written Confidential Information, including documents and interrogatory answers, produced by a Supplying Party shall, if appropriate and where possible, be designated as "CONFIDENTIAL" by marking at least the first page of the document and, wherever possible, each subsequent page thereof containing Confidential Information as follows: **CONFIDENTIAL.**

6. Information disclosed at a deposition taken in connection with this Proceeding may be designated as "CONFIDENTIAL" by any party by:

    a. designating testimony as "CONFIDENTIAL" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

    b. notifying all other parties in writing, within twenty one (21) calendar days of receipt of the final transcript of a deposition of specific pages and lines of the transcript which are designated as "CONFIDENTIAL," whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control. Absent any express confidentiality designation, all deposition transcripts shall presumptively be treated as Confidential Information subject to this Order during the deposition and until twenty one (21) calendar days after the final transcript of said deposition is received by counsel for each of the Parties. At or before the end of such twenty one (21) day period or such other period that is agreed upon by the Parties and any affected non-party, the deposition, or pages thereof, or an exhibit thereto, may be designated by any Party or non-party as "CONFIDENTIAL." Any portions of a transcript designated "CONFIDENTIAL" pursuant to this Section shall thereafter be treated as such in accordance with this Order. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed "CONFIDENTIAL," except as ordered by the Court, or as otherwise provided in this Order.

7. Confidential Information shall be disclosed by the Receiving Party only to the following persons:

    a. outside counsel and attorneys employed or retained by the Receiving Party who are actually assisting in the Proceeding; paralegals, stenographic, clerical, and litigation support employees of such attorneys; and independent contractors (including litigation support services personnel) who are working on the Proceeding and under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

    b. such directors, officers, and employees of the Receiving Party as have a need to have access to such information for the prosecution of this Proceeding;

    c. subject to the further provisions of paragraph 21, any outside consultant or expert (and his or her staff) actually assisting in the Proceeding and to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding;

    d. the Court, Court-ordered mediators or mediators agreed to by the parties in writing, and any Court personnel or such mediators' staffs to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court or mediators in this Proceeding;

    e. stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

    f. the author(s), addressee(s), or recipient(s) of the document;

    g. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this Proceeding; and

    h. any other person with the express authorization of the Designating Party.

8.  Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution or appeal of the Proceeding, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 7 of this Protective Order.

9.  Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the Designating Party consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

10. If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court, federal or state regulatory or administrative body or agency seeking disclosure of any Confidential Information, the Receiving Party must notify the Designating Party in writing, to the extent permitted by law, regulation, or governmental agency, and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and prior to any disclosure, and, in any event, no later than the earlier of five (5) business days after the Receiving Party's counsel becomes aware of the legal process or ten (10) calendar days before the deadline to respond to the request, subpoena, order, or legal process seeking disclosure. The Receiving Party also must promptly: (i) deliver a copy of this Order to the party that caused the discovery request, subpoena, order, or other form of legal process to issue; and (ii) inform that party that some or all of the Confidential Information covered by the subpoena or order or other form of legal process is the subject of the Order. The Receiving Party shall not produce the requested Confidential Information unless required by law,

regulation, or governmental agency, or if a court of competent jurisdiction so directs, except if the Designating Party (a) consents, (b) fails to file a motion to quash, or (c) fails to notify the Receiving Party in writing of its intention to contest the production of the Confidential Information prior to the date designated for production of the Confidential Information, in which event the Receiving Party may produce on the production date, absent the Designating Party's consent. In connection with any production of Confidential Information subject to this Order, the Receiving Party shall request confidential treatment for the Confidential Information substantially similar to the applicable requirements of this Order. In the event that Confidential Information is produced to a non-party, such Discovery Material shall continue to be treated in the Proceeding as Confidential Information.

11. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and, subject to the provisions of paragraphs 9 and 10, will limit access to Confidential Information to those persons listed in paragraph 7 of this Protective Order.

12. Material designated as Confidential Information shall not be disclosed to a person described in paragraphs 7(b)-(c) and 7(g)-(h) unless and until such person has executed a Certification in substantially the form attached hereto as Exhibit A. This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. The originals of an executed Certification shall be maintained by counsel for the party who obtained it until the final resolution of this Proceeding, and shall not be subject to discovery except upon motion on notice and a showing of good cause.

13. An inadvertent failure to designate Confidential Information does not constitute a waiver of the Designating Party's right to secure protection under this Order for

such material. A Designating Party that inadvertently fails to designate Discovery Material as "Confidential" or mis-designates Discovery Material as "Confidential" pursuant to this Order shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or misdesignation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. Those individuals who received the Discovery Material prior to notice of non- or mis-designation by the Designating Party shall within five (5) days of receipt of the substitute copies, take reasonable steps to either (a) sequester the document if the new designation is disputed; or (b) destroy or return to the law firm representing the Designating Party all copies of such mis-designated documents. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated Discovery Material prior to notice of the mis-designation by the Designating Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

      14.    Any party may request at any time permission to disclose Confidential Information (the "Requesting Party") to a person other than those permitted under the applicable paragraph governing disclosure of the Confidential Information, or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Designating Party's counsel. Any such request shall state the Confidential Information the party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and purpose(s) therefor. The Designating Party or its counsel shall thereafter respond to the request in writing (which shall include email) as soon as practicable, but within three (3) business days of its receipt of such request, and if consent is withheld, it shall state the reasons why consent

is being withheld. If the Requesting Party and the Designating Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Requesting Party shall be free to move the Court for an Order permitting the requested disclosure. Any response to a pre-motion letter regarding the requested disclosure shall be submitted within five (5) business days. On such a motion, it will be the burden of the Designating Party to justify its reasons for withholding consent. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Designating Party until the Court orders otherwise. Such requests are without prejudice to the right of the Requesting Party to challenge a designation pursuant to paragraph 15 below.

        15.     Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" ("Objecting Party") by serving a written objection upon the Designating Party's counsel. The Designating Party or its counsel shall thereafter, within three (3) business days, respond to such objection in writing by either: (i) agreeing to remove or change the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Designating Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party shall be free to move the Court for an Order removing or modifying the disputed designation. Any response to a pre-motion letter regarding the disputed designation shall be submitted within five (5) business days. On such a motion, it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Designating Party until the Court orders otherwise.

16. No provision of this Protective Order waives or shall be deemed to waive any applicable privilege or protection, including without limitation the attorney-client privilege and work product protection ("Privileged Matter") or to limit in any way a party's ability to seek relief for the inadvertent disclosure of Privileged Matter. The inadvertent production of any Privileged Matter shall not be deemed a waiver or impairment of any applicable of privilege or protection, provided that, reasonably promptly after discovering such inadvertent production, the Supplying Party gives written notice to the Receiving Party of the inadvertent production of such Privileged Matter. Upon receiving such written notice, the Receiving Party shall, within five (5) business days, return, sequester, or destroy all copies of such materials in accordance with Fed. R. Civ. P. 26(b)(5)(B) and provide a certification of counsel of such treatment, and shall promptly attempt to obtain all copies of such Privileged Matter which were transmitted to other persons, firms, or entities. Subsequent to such notice, no use shall be made of the Privileged Matter other than in connection with a challenge to the treatment of such material as Privileged Matter and provided that nothing in this paragraph limits a Receiving Party's ability to challenge the treatment of such materials as Privileged Matter. Any Receiving Party that discovers it has received what it thinks may be Privileged Matter must promptly inform the Supplying Party. Privileged Matter will be deemed to have been inadvertently produced within the meaning of this paragraph provided that, in giving written notice to the Receiving Party of the inadvertent production of Privileged Matter, counsel for the Supplying Party certifies in writing that such Privileged Matter (1) was produced without knowledge of its privileged nature and (2) reasonable and diligent efforts were made to review for privilege and to prevent the inadvertent disclosure of Privileged Matter.

17.     Except as agreed in writing by counsel of record or ordered by the Court, to the extent that any Confidential Information is, in whole or in part, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix, or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Confidential Information shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in a sealed envelope or comparable container and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. In addition to the legend required to be placed on the document by paragraph 6, such Sealed Documents shall be identified with the caption of this action, a general description of the sealed contents and shall bear the additional legend on the top of the first page of the document and on the sealed envelope:

**SUBJECT TO PROTECTIVE ORDER**

Contents hereof are subject to a court-ordered
protective order governing its use and
dissemination.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

18.     The use of any Confidential Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

19. Upon the conclusion of the Proceeding, including any appeals, at the written request of the Supplying Party, all Confidential Information and any and all copies shall, at the Receiving Party's option and within sixty (60) calendar days of receipt of the request, either be destroyed or returned to the Supplying Party, provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information; such retained work product and court-filed documents shall remain subject to the terms of this Protective Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written materials, and all copies thereof, containing Confidential Information shall deliver to the Supplying Party an affidavit certifying that, except as otherwise provided herein, reasonable efforts have been made to assure that all such Confidential Information and any copies thereof have been destroyed or delivered in accordance with the terms of this Protective Order. The provisions of this paragraph regarding destruction or return do not apply to Confidential Information, copies thereof, or other documents containing Confidential Information that the Receiving Party has a separate legal obligation to maintain. Backup copies of Confidential Information in an electronically stored format will be certified to have complied with the sixty day destruction deadline if the party has a data destruction policy resulting in the eventual destruction or overwriting of the electronically stored format.

20. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

11

21. By written agreement of the parties, upon motion and order of the Court, or by order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Proceeding.

22. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Dated: New York, NY
September 24, 2019

KASOWITZ BENSON TORRES LLP

By: _____
David E. Ross (dross@kasowitz.com)
Danielle R. Gill (dgill@kasowitz.com)

1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Plaintiff*

WEIL GOTSHAL & MANGES LLP

By: _____
David J. Lender (david.lender@weil.com)
Adam B. Banks (adam.banks@weil.com)
Alea J. Mitchell
(alea.mitchell@weil.com)
Melissa Rutman
(melissa.rutman@weil.com)

767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Defendant*

**SO ORDERED**

_____
Hon. Louis L. Stanton
United States District Judge

Dated: **Sept. 25**, 2019

## Exhibit A

| | |
|---|---|
| WAILIAN OVERSEAS CONSULTING GROUP, LTD, <br><br> Plaintiff, <br><br> -against- <br><br> NEW YORK CITY REGIONAL CENTER LLC, <br><br> Defendant. | Case No. 1:17-cv-09004 (LLS) |

## **CERTIFICATION**

      The undersigned hereby acknowledges that, having read the Protective Order issued by the Court in the above-captioned action on _____, 201\_, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
Date

                                    _____
                                               Name (typed or printed)

                                    _____
                                                          Signature