ORIGINAL

# KASOWITZ BENSON TORRES LLP

KIM CONROY
DIRECT DIAL: (212) 506-1946
DIRECT FAX: (212) 500-3446
KCONROY@KASOWITZ.COM

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

MEMO ENDORSED

September 25, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/20

**VIA ECF**

The Honorable Louis L. Stanton
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Wailian Overseas Consulting Group, Ltd. ("Wailian") v. New York City Regional Center ("NYCRC")*, Case No. 17-cv-9004 (LLS)

Dear Judge Stanton:

We represent plaintiff Wailian in the above-referenced matter. We write in further support of the points in our letter of September 18, 2020 (Dkt. No. 73) ("Wailian Letter") and in reply to NYCRC's opposition filed on September 22, 2020 (Dkt. No. 74) ("NYCRC Letter").

As set forth in our initial letter and confirmed in the NYCRC Letter, the parties are at an impasse regarding deposition scheduling. To avoid an indefinite stay of discovery and to work within the constraints imposed by the pandemic, Wailian suggested that the parties conduct video depositions where practicable and depositions upon written questions where video depositions are not possible. NYCRC rejected Wailian's proposal, but has made no proposal of its own, other than to "hope[ ]" that "the COVID-19 Pandemic situation improves and we can do all depositions in person." (NYCRC Letter Ex. A.) But in-person depositions will not be possible for the foreseeable future, the instant case has been pending before this Court for nearly three years, and the parties have already requested and received two extensions to the discovery schedule in light of the pandemic (Dkt. Nos. 63, 72). The parties require the Court's assistance in order to avoid yet more delay.

*First*, Wailian has repeatedly requested that NYCRC make certain of its employees with relevant knowledge available for video depositions before the close of fact discovery on October 30. Most recently, on September 16, Wailian requested that NYCRC "let us know your witnesses' availability for a video deposition in early/mid-October." (NYCRC Letter Ex. A.) NYCRC declined to do so, proposing instead that the parties seek to extend the current discovery deadlines until depositions can be conducted in person. (*Id.*) NYCRC is not entitled to such an indefinite extension. *See Rouviere v. DePuy Orthopaedics, Inc.*, 2020 WL 3967665, at *4-5 (S.D.N.Y. July 11, 2020) (denying request to compel in-person deposition, finding that

KASOWITZ BENSON TORRES LLP

Hon. Louis L. Stanton
September 25, 2020
Page 2

"alternative request to adjourn deadline for completion of fact discovery until the . . . deposition can be taken in person is unworkable," and ordering video deposition). Indeed, NYCRC cites no reason why video depositions of NYCRC witnesses would pose any burden or practical difficulty – because there is none. Video depositions have, for the time being, generally been accepted as replacements for in-person depositions. *See generally Faford v. Grand Trunk W. R.R. Co.*, 2020 WL 4890413, at *2 (E.D. Mich. July 28, 2020) ("[D]epositions by videoconference have emerged as the preferred method of coping with the complications and perils this pandemic has wrought."); *Wilkens v. ValueHealth, LLC*, 2020 WL 2496001, at *2 (D. Kan. May 14, 2020) ("Video or teleconference depositions and preparation are the 'new normal' and most likely will be for some time. Litigation cannot just come to an indefinite halt."). Video depositions of NYCRC's witnesses must proceed.

*Second*, as fully set forth in Wailian's Letter and recognized in NYCRC's Letter, neither in-person nor video depositions of Wailian's witnesses are possible at this time given both pandemic-related travel restrictions and the restrictions of Chinese law. (*See* Wailian Letter at 2-3.) Moreover, Wailian offered Ms. He for video deposition in July as she was in Canada. That offer was rejected. (*Id.*) However, Chinese nationals routinely provide sworn written statements for use in U.S. proceedings. Thus, depositions by written examination are appropriate under the circumstances. *See, e.g., id.*; *GREE, Inc. v. Supercell Oy*, 2020 WL 2473553, at *3 (E.D. Tex. May 12, 2020) (refusing to extend discovery deadlines for defendant to conduct in-person depositions where plaintiff agreed to depositions of foreign witnesses by written questions). Contrary to NYCRC's suggestion, such is not gamesmanship, but rather the unfortunate reality of the current public health situation. Indeed, NYCRC concedes as much: it has no proposal other than an indefinite stay, and it cites no authority in support of its baseless claims of burden.[1] Surely it cannot be a burden to prepare to depose a witness and to potentially break questioning up into a written round and an in-person round, even if the latter should prove necessary. (*See* NYCRC Letter at 2.) And, in all events, any potential burden to NYCRC is far outweighed by the untenable burden to Wailian.

*Finally*, there is no reason to permit NYCRC to depose the four additional employees who have only a fleeting connection to this litigation. (Wailian Letter at 3.) To require depositions of these witnesses would be inappropriate in the best of times, given their tangential roles and cumulative-at-best testimony. To require their depositions in any manner in the current climate would be overly burdensome, as doing so would further complicate and compound the practical discovery challenges already present in this case, yet provide no additional benefit. If

---

[1] Had NYCRC voiced such concerns instead of flatly denying Wailian's request, it would have learned Wailian is willing to discuss, and amenable to, a procedure that reasonably mitigates burden. In any event, we note that the potential logistical issues of depositions upon written questions, including those posited by NYCRC, are far less burdensome than those that would inhere in a video or live deposition, which, even without a global pandemic, would require the parties to identify a jurisdiction outside of mainland China, transport the witness there, and procure and conduct the deposition through an interpreter – burdens that may be avoided by the taking of depositions upon written questions.

KASOWITZ BENSON TORRES LLP

Hon. Louis L. Stanton
September 25, 2020
Page 3

anything, NYCRC should take Ms. He's and Ms. Liu's depositions and then determine if the others are necessary.

Wailian therefore respectfully requests that the Court convene a telephonic discovery conference on this issue in order to facilitate timely completion of discovery in this case.

Respectfully Submitted,

*/s/ Kim Conroy*

Kim Conroy

cc:   Counsel of record (by ECF)

MEMORANDUM ENDORSEMENT

<u>Wailian Overseas Consulting Group, Ltd. v. New York City Regional Center.</u>
17 cv 9004 (LLS)

    As the sole practicable first step, NYCRC may take the depositions of Ms. He and Ms. Liu by written questions under F. R. Civ. P. 31(a)(2). Further relief may be granted on application if shown to be necessary and feasible, after the completion of those depositions.
    The schedule may be adjusted accordingly.
    So Ordered.

Dated: October 2, 2020

                                                              Louis L. Stanton
                                                                 U.S.D.J.